David VOGEL, Plaintiff–Appellant,

v.

**NEW YORK CITY BOARD OF EDUCATION, Defendant–Appellee.**

**Docket No. 02–9118.**

United States Court of Appeals, Second Circuit.

May 29, 2003.

---

Brian K. Saltz, Farmingdale, NY, for Plaintiff–Appellant.

Dona B. Morris, Assistant Corporation Counsel, City of New York, New York, New York for defendant-appellee. (Michael A. Cardozo, Corporation Counsel, on the brief, Francis F. Caputo, Cindy M. Schmitt, of counsel).

PRESENT: Hon. CHESTER J. STRAUB, Hon. BARRINGTON D. PARKER, Jr., and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court is AFFIRMED.

Plaintiff David Vogel, a teacher who is partially paralyzed on his right side, brought this action against the New York City Board of Education, claiming that the Board violated his rights under the Americans with Disabilities Act (ADA), the New York State Human Rights Law, and New York City Human Rights Law by (1) failing to provide a reasonable accommodation for his condition, and (2) retaliating against him when he brought a disability discrimination charge before the EEOC. In a Memorandum and Order dated August 8, 2002, the District Court for the Eastern District of New York (David Trager, *Judge*) granted the Board of Education's motion for summary judgment dismissing the complaint. Plaintiff appeals only from the grant of summary judgment on his retaliation claim, brought pursuant to 42 U.S.C. § 12203.

After considering plaintiff's arguments, we affirm. Plaintiff's primary retaliation claim is that he was "discriminate[d] against" within the meaning of 42 U.S.C. § 12203(a) because of his protected activity under the ADA. As to this claim, we affirm the grant of summary judgment substantially for the reasons stated by the District Court.

To the extent plaintiff argues that he was "threaten[ed]" on account of exercising his rights under the ADA by being told that he would be "excessed" from the Manhattan school in June 2000, in violation of 42 U.S.C. § 12203(b), we also affirm the grant of summary judgment. Simply put, plaintiff does not put forward sufficient evidence that would allow a jury to find a violation. First, neither plaintiff's affidavit, deposition, or Rule 56.1 statement specifies who made the statement to him, and what precisely was said. Second, plaintiff presents no evidence about why the statement constituted a threat, or was perceived as a threat by the plaintiff. After all, plaintiff's action is based in large part on his dissatisfaction with being transferred to the Manhattan school in the first place. The prospect of being transferred to another school, with the same salary and job responsibilities, is one which, according to plaintiff's own evidence, he actively sought—not something he feared. Accordingly, plaintiff did not present sufficient evidence from which a jury could infer that this June 2000 statement was made to "threaten" plaintiff in violation of 42 U.S.C. § 12203(b).

The judgment of the District Court is hereby AFFIRMED.